■ LINDA R. HABIBY, Respondent, v. ARMOND HABIBY, Appellant.— Order, entered February 3, 1965, unanimously reversed, on the law, on the facts, and in the exercise of discretion, with $30 costs and disbursements to defendant-appellant, and motion by plaintiff for an order directing that the defendant pay printing costs, expenses and counsel fees in the matter of the defense of a prior appeal to this court, denied, with $10 costs. The plaintiff failed to demonstrate any reasonable probability of success on the prior appeal. Her position in defense of the provisions of the prior order attacked on the prior appeal was entirely devoid of merit and so clearly unsupportable that this court, in reversing said prior order, awarded $30 costs and disbursements on that appeal to the defendant husband, payable by the plaintiff wife. (See *Habiby* v. *Habiby*, 23 A D 2d 558.) Concur — Botein, P. J., Breitel, Stevens, Eager and Staley, JJ.

■ In the Matter of the Final Accounting of SAMUEL BLUTRICH et al., as Executors of SAM GREENBERG, Deceased, Respondents. JOSE TUDORAN, by His Attorneys-in-Fact, WOLF POPPER ROSS WOLF & JONES, Appellant; ATTORNEY-GENERAL OF THE STATE OF NEW YORK et al., Respondents.— Decree on final accounting unanimously affirmed, with $50 costs to all parties filing briefs payable out of the distributive share of appellant. The substantial differential between the Roumanian internal rate of exchange applicable to estate distributions received from foreign countries and the external rate of exchange establishes that the distributee " would not have the benefit or use or control of the money or other property due him " as required by section 269-a of the Surrogate's Court Act. With respect to the other circumstances in Roumania affecting the distributee's interest, in view of the large sum of money involved ($120,767.69), and the distributee's failure to make a personal appearance to testify in support of his own claim, there is grave doubt additionally, that he will have the benefit, use, or control of the money or property. Cases involving other countries, or smaller sums of money easily convertible into consumption goods at fair value, are not applicable to this situation (e.g., *Matter of Reidl*, 23 A D 2d 171). The disbursements of the Attorney-General were properly allowed. Concur — Botein, P. J., Breitel, Valente, Eager and Steuer, JJ.